## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 23-1938 |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | Re: ECF No. 4 |
| SAGE'S ARMY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Plaintiff began this action under the pseudonym "Jane Doe" against her former employer, Sage's Army, Inc. ("Defendant"). ECF No. 1. She claims that Defendant unlawfully terminated her in violation of the Rehabilitation Act ("RA") because of her substance use disorder and chronic kidney infections.

Presently before the Court is Plaintiff's Motion for Leave to Proceed Anonymously and Brief in Support. ECF Nos. 4 and 5. For the reasons that follow, the Motion is denied.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

### A.  Plaintiff's Complaint

#### 1.  Alleged disabilities

Plaintiff suffers from substance use disorder, for which she is in recovery. ECF No. 1 ¶ 3. She follows the twelve-step recovery program of Narcotics Anonymous ("NA"). Id. ¶ 12. Plaintiff also suffers from chronic kidney infections, which occur in episodic fashion and regularly require hospitalization to treat. Id. ¶ 3. Plaintiff refers to these conditions as her "addiction disability" and "kidney disability," respectively.

1

### 2. Plaintiff's employment

Plaintiff's claims arise out of her alleged wrongful termination by Defendant because of her addiction disability and kidney disability.  According to Defendant's website,[1] it is a "non-profit Recovery Community Organization" that "offer[s] support, guidance, and resources to all people who have been affected by substance use while also advocating for people who use drugs (PWUD) by facilitating trainings, educating the public, and ending the stigma about PWUD and people in recovery."  To support this mission, Defendant "employs a team of Certified Recovery Specialists and Certified Family Recovery Specialists who have specialized training through the Pennsylvania Certification Board and who have lived experience as people who self-identify as a person in recovery and/or a family member of someone who uses/used drugs."  Defendant posts staff names, photos, and biographies on its website.

Plaintiff began working for Defendant in March 2023.  ECF No. 1 ¶ 15.  Because of her history of addiction, Defendant believed Plaintiff to be "uniquely qualified" to work at its facility.  Id. ¶ 56.  As incentive to leave her former job, Defendant's employee, RoseAnn[2] (with whom Plaintiff was acquainted), offered Plaintiff higher wages and training to become a certified recovery specialist.  Id. ¶ 14.

### 3. Medical issues and termination

On April 16, 2023, Plaintiff began to experience symptoms of her kidney disability, including a high fever.  Id. ¶ 19.  After several days, Plaintiff went to a local hospital for treatment, where she was diagnosed with a kidney infection and prescribed antibiotics.  Id. ¶¶ 21, 24.  Before going to the hospital, Plaintiff called RoseAnn, her direct supervisor, and confirmed she was entitled to use paid time off.  Id. ¶¶ 17, 22, 23.

---

[1] sagesarmy.com (last visited December 13, 2023).

[2] Plaintiff asserts that RoseAnn's last name is currently unknown.

After she was discharged from the hospital, Plaintiff experienced symptoms of her addiction disability. Id. ¶ 25. That evening, she attended an NA meeting. Id. ¶ 26. RoseAnn's significant other also attended this meeting. Id. ¶ 27.

Upon information and belief, Plaintiff alleges that RoseAnn's significant other informed RoseAnn of Plaintiff's attendance at the NA meeting and, in turn, RoseAnn relayed that information to her supervisor, Janice Olson ("Olson"). Id. ¶ 28.

On April 19, 2023, Plaintiff was still experiencing symptoms from her kidney infection. Id. ¶ 29. She advised RoseAnn and submitted a medical excuse that she would need to use an additional day of paid time off. Id.

On April 20, 2023, Plaintiff returned to work. Id. ¶ 30. RoseAnn and Olson met with Plaintiff and informed her that her employment was terminated, effective immediately. Id. ¶ 31.

Plaintiff was told: "[y]ou're within 90 days of probation so we don't have to give you a reason to let you go, but our reasons are that if you feel the need to get high and go to an NA meeting, maybe you're not mentally fit to work here." Although the NA meeting was after work hours, they also claimed that Plaintiff went to an NA meeting instead of coming to work. Id. ¶¶ 32-33.

Plaintiff was provided with a termination letter that cited "absenteeism" and "tardiness" as the reason for her termination. Id. ¶ 34.

## II.   DISCUSSION

Under Federal Rule of Civil Procedure 10(a), parties to a lawsuit are required to identify themselves in their pleadings. Fed. R. Civ. P. 10(a). This rule reflects the general principle that "judicial proceedings, civil as well as criminal, are to be conducted in public." Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011) (citations omitted). "A plaintiff's 'use of a pseudonym runs

3

afoul of the public's common law right of access to judicial proceedings.'" Id. (quoting Does I

Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000)).

"While not expressly permitted under Federal Rule of Civil Procedure 10(a), in

exceptional cases courts have allowed a party to proceed anonymously." Id.  In this motion,

Plaintiff argues that such an exception applies.  She seeks an order allowing her to proceed under

the pseudonym "Jane Doe."

To obtain this relief, is not enough that Plaintiff "may suffer embarrassment or economic

harm."  Id.  Instead, she "must show 'both (1) a fear of severe harm, and (2) that the fear of

severe harm is reasonable.'" Id. (quoting Doe v. Kamehameha Sch./Bernice Pauahi Bishop

Estate, 596 F.3d 1036, 1043 (9th Cir. 2010)).

In Megless, the United States Court of Appeals for the Third Circuit endorsed a non-

exhaustive list of factors to guide district courts in deciding whether a litigant's reasonable fear

of severe harm outweighs the public's interest in open judicial proceedings.  Id. at 409.  The

factors in favor of anonymity include:

(1) the extent to which the identify of the litigant has been kept confidential;

(2) the bases upon which disclosure is feared or sought to be avoided, and the
substantiality of these bases;

(3) the magnitude of the public interest in maintaining the confidentiality of the
litigant's identify;

(4) whether, because of the purely legal nature of the issues presented or
otherwise, there is an atypically weak public interest in knowing the litigant's
identities;

(5) the undesirability of an outcome adverse to the pseudonymous party and
attributable to [her] refusal to pursue the case at the price of being publicly
identified; and

(6) whether the party seeking to sue pseudonymously has illegitimate ulterior
motives.

Id.

On the other hand, factors disfavoring anonymity include:

(1) the universal level of public interest in access to the identities of the litigants;

(2) whether because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and

(3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

Id.

The Court addresses these nine factors in turn below.

**A. Factors Favoring Anonymity**

**1. Preservation of anonymity**

The Court first considers the extent to which Plaintiff's identity has been kept confidential. "This factor favors plaintiffs who make substantial efforts to maintain anonymity and limit disclosure of sensitive information to few other people." Doe v. Main Line Hosp., Inc., No. 20-2637, 2020 WL 5210994, at *2 (E.D. Pa. Sept. 1, 2020) (quoting Doe v. Rutgers, No. 2:18-cv-12952, at *2 (D.N.J. Apr. 30, 2019)) (internal quotations omitted).

In support of this factor, Plaintiff asserts that her "anonymity has been kept confidential and revealed only to the extent necessary for filings related to [her] EEOC/PHRC Charge of Discrimination." ECF No. 5 at 3. She does not represent, however, that she has sought to limit the disclosure of sensitive information about her disabilities to few other people. On the contrary, Plaintiff alleges that Defendant knew about her disabilities when it hired her, and that her "history of addiction is a characteristic that Defendant believed made her uniquely qualified for the position." ECF No. 1 ¶¶ 56-58. She also alleges that she was training to become a certified recovery specialist—a position that required her to publicly identify as someone having

personal or family experience with addiction.  For these reasons, this factor does not weigh in favor of anonymity.

### 2.  Bases for requested anonymity

Second, the Court considers Plaintiff's reasons for seeking anonymity and whether those reasons are reasonable and substantial.  Megless, 654 F.3d at 409-10.  Due to the nature of her disabilities, Plaintiff argues that she will be forced to disclose sensitive medical and personal information and be put at risk of future discrimination.  ECF No. 5 at 3-4.

Upon review, this factor does not support anonymity. The Court is sensitive to the potential stigma that recovering addicts may face in our society.  Given Plaintiff's work in the addiction recovery field, however, Plaintiff does not show how identifying herself as a recovering addict in this lawsuit is likely to lead to further discrimination in the workplace.  As for Plaintiff's concern about disclosing sensitive personal or medical information, it is unclear at this juncture why Plaintiff may have to publicly disclose this information.  Even if she does, the Court may still grant requests for redaction and/or enter an appropriate protective order. Nevertheless, the Court notes that embarrassment is not a proper basis for granting a request to proceed anonymously.

### 3.  Magnitude of the public interest in maintaining confidentiality

The third factor requires the Court to consider the "magnitude of the public interest in maintaining the confidentiality of the litigant's identity." Megless, 654 F.3d at 409.  This factor supports anonymity if "other[s] similarly situated [would] be deterred from litigating claims that the public would like to have litigated" if they could not proceed pseudonymously.  Id. at 410. Employment discrimination cases are routinely filed by individuals arising out of medical issues, and such cases have also been filed by individuals with a history of substance abuse issues or

mental health conditions.  Therefore, this factor does not weigh in favor of anonymity.  See Main Line Hosp., 2020 WL 5210994, at *4.

### 4.  Legal nature of issues in the case

As to the fourth factor, the Court next considers "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities."  Megless, 654 F.3d at 409.  "Anonymity is favored when the case involves issues purely of law," whereas "a highly fact-dependent case weighs against anonymity."  Doe v. Pa. Dep't of Corr., 585 F. Supp. 3d 797, 807 (W.D. Pa. 2022) (citations omitted).  Because this employment discrimination case is highly fact dependent, this factor weighs against anonymity.

### 5.  Danger of adverse outcome to unnamed plaintiff

The fifth factor concerns whether Plaintiff will refuse to pursue this litigation if she is publicly required to identify herself.  Id.  Plaintiff does not represent that she would withdraw her claim if publicly identified.  This factor therefore also weighs against anonymity.

### 6.  Whether Plaintiff has ulterior motives for seeking anonymity

Because there is no reason to suspect that Plaintiff is seeking to proceeding anonymously for illegitimate ulterior motives, the sixth factor weighs in favor of anonymity.

### B.  Factors Disfavoring Anonymity

### 1.  Public interest in Plaintiff's identity

The Court now turns to factors disfavoring anonymity.  As for the first of these factors, the Third Circuit has "acknowledge[d] the thumb on the scale that is the universal interest in favor of open judicial proceedings."  Megless, 654 F.3d at 411.  This weighs in favor of disclosing Plaintiff's identity.

### 2. Subject matter of the litigation

Second, the subject of the litigation does not appear to heighten the public's interest. Plaintiff is not a public figure, and there is no other apparent reason this litigation is subject to heightened public interest. Accordingly, this factor does not weigh against anonymity.

### 3. Opposition by counsel, the public or the press

Last, no entity has expressed any opposition to Plaintiff's use of a pseudonym. Therefore, this factor does not counsel against anonymity.

## III.   CONCLUSION

Having considered the relevant factors for and against allowing Plaintiff to continue to proceed under a pseudonym, the Court finds that most of these factors weigh against granting the instant motion. Plaintiff does not overcome the strong default rule that parties must proceed using their real names. Accordingly, the Motion for Leave to Proceed Anonymously is denied. An appropriate Order follows.

AND NOW, this 13th day of December, 2023, IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Proceed Anonymously, ECF No. 4, is DENIED. Plaintiff is directed to file an Amended Complaint that identifies the names of all parties within 7 days of the date of this order.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street,

Room 3110, Pittsburgh, PA 15219.  Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE